## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COUNCIL FOR COURT EXCELLENCE
1111 14th Street., NW
Suite 500
Washington, D.C. 20005

        *Plaintiff,*

v.

U.S. EXECUTIVE OFFICE FOR UNITED
STATES ATTORNEYS
950 Pennsylvania Avenue, NW, Room 2242
Washington, DC 20530-0001

        *Defendant.*

Civil Action No. _____

## COMPLAINT

    Plaintiff, Council for Court Excellence ("CCE"), by and through its attorneys, Jeffrey Gutman and Holly Eaton, and student attorneys Taylor Cross and Andrew Seneviratne, hereby files its Complaint against Defendant, the Executive Office for United States Attorneys ("EOUSA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*

## INTRODUCTION

1. The case arises from EOUSA's unlawful withholding of records in response to CCE's FOIA request. In August 2020, CCE filed a FOIA request with EOUSA seeking data related to criminal case dispositions in the District of Columbia Superior Court. CCE, whose mission is to enhance the justice system in the District of Columbia to serve the public equitably, sought the information to provide new insights that supplement its previous reports to advance its local justice reform work.

2.  CCE filed its FOIA request with EOUSA because that agency routinely compiles
    reports of case dispositions in the District of Columbia, among other states, as the
    oversight body and liaison for the United States Attorney's Office of the District of
    Columbia. As evidenced by its Annual Reports, EOUSA maintains some, if not all, of
    the data sought by the CCE. Yet, eleven months after EOUSA received CCE's FOIA
    request, it responded with a blanket assertion that it did not locate a single responsive
    record or data point relevant to the request.

3.  CCE filed its administrative appeal within the statutory 90-day period required under
    FOIA. EOUSA did not respond within the statutory 20-day period required under
    FOIA, and did not ask for an extension before the 20 days expired. As a result, CCE
    brings this action for an order requiring EOUSA to respond to CCE's FOIA request,
    and to provide all data responsive to the request.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over the claims alleged in this Complaint
    pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

5.  Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6.  CCE is a nonprofit, non-partisan civic organization that works to enhance the justice
    system in the District of Columbia. CCE conducts research, educates the public, and
    works to increase civic engagement with our justice system. It is currently conducting
    research for publications designed to educate members of the public on the operations
    of the District of Columbia justice system.

7. EOUSA is an agency within the meaning of 5 U.S.C. 552(f)(1) and 5 U.S.C. § 701. EOUSA is in possession of the records CCE sought in its FOIA request.

8. Plaintiff can avail itself of remedies under FOIA because it exhausted all administrative remedies under 5 U.S.C. § 552(a).

9. Plaintiff seeks disclosure of agency records improperly withheld by the EOUSA.

## FACTUAL ALLEGATIONS

10. On August 17, 2020, CCE sent a FOIA request to EOUSA which generally sought monthly breakdowns of criminal case dispositions in the District of Columbia Superior Court, organized by top charge, from 2017 to 2020. A copy of this request is attached as Exhibit 1.

11. Item 1 of CCE's request asked for the total number of cases filed by the Office of the U.S. Attorney for the District of Columbia in the D.C. Superior Court, organized by top charge under the D.C. Code.

12. Item 2 of CCE's request asked for the number of cases disposed in several different ways, such as by guilty plea, dismissal, guilty verdict, and acquittal organized by top charge.

13. Item 3 of CCE's request concerned jury trials, and asked for the number of cases disposed via guilty, not guilty, and mistrial verdicts, among others.

14. Item 4 of CCE's request concerned bench trials, and asked for the number of cases disposed via guilty, not guilty, and mistrial verdicts, among others.

15. Item 5 of CCE's request asked for the number of cases in which individuals under the age of 18 were charged as an adult, organized by top charge.

16. Item 6 of CCE's request asked for the number of cases in which the individual charged was 18 to 25 years old when the case was filed, organized by top charge.

17. Item 7 of CCE's request asked for the number of cases charged where the defendant or USAO-DC requested transfer to Mental Health Community Court, Drug Court, and U.S. Misdemeanor Community Court, and the resulting dispositions.

18. On June 28, 2021, nearly one year after CCE's initial request, EOUSA stated that "[a] search for records located in EOUSA Data Analysis Staff has revealed no responsive records regarding the above subject." A copy of this response is attached as Exhibit 2.

19. CCE submitted its administrative appeal to OIP and EOUSA via electronic and certified mail on September 23, 2021, which is within the 90-day period required by 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

20. Under 5 U.S.C. § 552(a)(6)(A)(ii), EOUSA had 20 business days to respond to CCE's Appeal Letter. EOUSA failed to respond within the 20 business days. CCE has therefore exhausted its administrative remedies.

21. EOUSA's assertion that it lacks records and data responsive to CCE's request defies logic and common sense.

22. One of EOUSA's key roles is to supervise and evaluate the performance of the Offices of the United States Attorneys, including that of the District of Columbia. As part of this role, EOUSA tracks and analyzes data related to the work of the United States Attorneys' offices in the development of budget and litigative priorities.

23. EOUSA's website states that a major function of the organization is to "design, program, and support the operations and software for caseload and collections systems and administrative/litigative applications in the districts and the central systems,

provide technical assistance, produce the Annual Statistical Report, and monitor the quality of the data of the Offices of the United States Attorneys."[1]

24. In connection with this supervisory role, EOUSA publishes annual statistical reports detailing national district caseloads in both criminal prosecution and civil litigation. EOUSA maintains annual statistical reports on its website dating back to 1959.

25. These annual reports reflect the categories of data collected and analyzed by EOUSA. The most recent, the 2020 Annual Report, contains a wide variety of statistics, including the number and disposition of criminal cases for each state, and the District of Columbia, organized by type of crime.

26. The Annual Reports also include statistics specific to the District of Columbia. EOUSA maintains statistics for the District of Columbia in particular, and even cites a source for the District of Columbia data: the "DC USAO's Replicated Criminal Information System (RCIS)" in its 2020 Report.[2]

27. Table 17 in the 2020 Report provides information on the District of Columbia Superior Court Matters and cases handled by the United States Attorney's Office. That Table displays the number of cases disposed by jury trials, including the number of guilty, not guilty, and mistrial verdicts, and the number of cases disposed by bench trials, including the number of guilty, not guilty, and mistrial verdicts.

28. EOUSA categorized cases in Table 17 by felony or misdemeanor and states the number of dispositions by plea, conviction or dismissal.

---

[1] https://www.justice.gov/usao/eousa/mission-and-functions
[2] https://www.justice.gov/usao/page/file/1390446/download

29. Given that EOUSA was able to classify data in Table 17 by felony or misdemeanor, EOUSA must have known the underlying offense for these cases.

30. The data sought by CCE in Requests 1-4 is more granular than that set forth in Table 17 but overlaps it considerably. However, to present the data in Table 17, EOUSA must have the sort of data sought by CCE.

## CAUSE OF ACTION

### COUNT I
### (EOUSA's Violation of the FOIA)

31. Plaintiff adopts by reference and realleges and adopts by reference all allegations set forth in Paragraphs 1 through 30 above.

32. EOUSA violated the FOIA, 5 U.S.C. § 552, by failing to respond to CCE's FOIA appeal within the 20-day period required by FOIA, and by claiming that it did not locate a single responsive record or data point relevant to CCE's request.

33. EOUSA violated the FOIA, 5 U.S.C. § 552, by either failing to do an adequate search for responsive records or data or by misinterpreting the comprehensive request in an arbitrary and capricious manner.

## PRAYER FOR RELIEF

WHEREFORE, the Council for Court Excellence seeks:

a. A declaration that the Defendant violated the FOIA by not producing records and data responsive to CCE's request;

b. An injunction requiring the Defendant to produce the records and data requested by CCE.

c. An order awarding CCE attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i);

d. Other relief that the Court deems just and proper.

Dated: November 21, 2021

Respectfully submitted,

By: _____

Jeffrey S. Gutman, Professor of Clinical Law
DC Bar No. 416954
Holly R. Eaton, Associate Visiting Professor of Law
DC Bar No. 440702
Taylor Cross, Student Attorney
Andrew Seneviratne, Student Attorney

Public Justice Advocacy Clinic
Jacob Burns Community Legal Clinics
George Washington University Law School
650 20th Street NW
Washington, D.C. 20052
Telephone: (202) 994-5797
Fax: (202) 994-4693
jgutman@law.gwu.edu

*Attorneys for Plaintiff*



PLAINTIFF'S EXHIBIT

NO.  I

PENGAD 800-631-6989

**2020-2021**

**OFFICERS**

CHAIR OF THE BOARD
**Tamika L. Tremaglio**
*Deloitte, LLP*

PRESIDENT
**Patrick McGlone**
*Ullico Inc.*

IMMEDIATE PAST PRESIDENT
**Irvin B. Nathan**
*Arnold & Porter LLP (ret.)*

VICE PRESIDENT
**James H. Hulme**
*Arent Fox LLP*

SECRETARY
**John B. (Jay) Kennedy**
*The Washington Post*

TREASURER &
FINANCE COMMITTEE CHAIR
**Julia A. Matthews**

**EXECUTIVE COMMITTEE**

**Debra R. Belott**
*Jones Day*

**Carol Elder Bruce**
*Law Office of Carol Elder
Bruce, PLLC*

**Kevin A. Chambers**
*Latham & Watkins LLP*

**Paulette E. Chapman**
*Koonz, McKenney, Johnson, &
DePaolis LLP*

**Barry Coburn**
*Coburn & Greenbaum PLLC*

**David H. Cox**
*Jackson & Campbell, P.C.*

**Eric S. Glover**

**Peter R. Kolker**
*Zuckerman Spaeder LLP*

**Victor E. Long**
*Regan Zambri Long PLLC*

**Fritz Mulhauser**

**Benjamin J. Razi**
*Covington & Burling LLP*

**Elizabeth A. Scully**
*Baker & Hostetler*

**James P. Tuite**

**Natalie S. Walker**
*Webster & Fredrickson, PLLC*

**Cynthia G. Wright**

**Joanne L. Zimolzak**

**Lisa B. Zycherman**
*Davis Wright Tremaine LLP*

NOMINATING COMMITTEE
CHAIR
**Brian L. Schwalb**
*Venable LLP*

EXECUTIVE DIRECTOR
**Misty C. Thomas**

*Judicial leaders not listed.*

August 17, 2020

*Sent via email:* __USAEO.FOIA.REQUESTS@usdoj.gov__

FOIA/Privacy Staff
Executive Office for United States Attorneys
600 E Street, N.W. (BICN Room 7300)
Department of Justice
Washington, D.C. 20530-0001

**RE:    Freedom of Information Act Request for United States Attorney's
Office for the District of Columbia's D.C. Superior Court Case Data**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, I am writing
to request that the United States Attorney's Office for the District of Columbia
("USAO-D.C.") provide the following information to the Council for Court
Excellence. We are happy accept raw data, aggregated data, or other records that
are responsive to the requests below. We can accept data in Excel files, but are
happy to discuss format and methods of transmission if other options are easier
to produce.

We request any records in USAO-D.C.'s or other Department of Justice offices'
possession, broken down by month, about cases filed by USAO-D.C. citing
violations of the D.C. Code in the Superior Court of the District of Columbia
(hereinafter "cases") for Calendar Years 2017, 2018, 2019, and 2020 year-to-
date that reflect the following information:

1)      Total number of cases filed, organized by top charge under the D.C. Code.
2)      Number of cases that were:
A.      Disposed via guilty plea, organized by top charge
B.      Disposed via nolle prosequi, organized by top charge
C.      Disposed via nolle diversion, organized by top charge
D.      Disposed via dismissal for want of prosecution, organized by top charge
E.      Disposed via dismissal, organized by top charge
F.      Disposed via dismissal plea agreement, organized by top charge
G.      Disposed via incompetent, organized by top charge
H.      Disposed via other/abatement, organized by top charge
I.      Disposed via security forfeited, organized by top charge
3)      Number of jury trial dispositions of cases that were:
A.      Disposed via guilty verdict, organized by top charge
B.      Disposed via not guilty verdict, organized by top charge
C.      Disposed via acquittal, organized by top charge
D.      Disposed via not guilty by reason of insanity, organized by top charge
E.      Disposed via mistrial/hung jury, organized by top charge

1111 14th Street, NW, Suite 500 | Washington, DC 20005-5628
Tel: (202) 785-5917 | Fax: (202) 785-5922
www.courtexcellence.org

4) Number of bench trial dispositions of cases that were:
    A. Disposed via guilty judgement, organized by top charge
    B. Disposed via not guilty judgement, organized by top charge
    C. Disposed via acquittal, organized by top charge
    D. Disposed via not guilty by reason of insanity, organized by top charge
    E. Disposed via mistrial, organized by top charge
5) Number of cases where an individual under the age of 18 was charged as an adult under D.C. Code § 16-2307 (a)(1), by top charge.
6) Number of case where the individual charged was 18 to 25 years old when the case was filed, by top charge.
7) The number of cases charged where the defendant or USAO-D.C.:
    A. requested transfer to Mental Health Community Court;
        i. Of those, how many:
        ii. were transferred to the Mental Health Community Court docket;
        iii. were completed and disposed in the Mental Health Community Court docket;
        iv. had the case transferred back to a regular (or non-Problem Solving) Criminal Division court docket from Mental Health Community Court
    B. requested transfer to Drug Court;
        i. Of those, how many:
        ii. were transferred the Drug Court docket;
        iii. were completed and disposed in Drug Court;
        iv. had the case transferred back to a regular (or non-Problem Solving) Criminal Division court docket from Drug Court;
    C. requested transfer to U.S. Misdemeanor Community Court;
        i. Of those, how many:
        ii. were transferred to the U.S. Misdemeanor Community Court docket;
        iii. were completed and disposed in U.S. Misdemeanor Community Court;
        iv. had the case transferred back to a regular (or non-Problem Solving) Criminal Division court docket from U.S. Misdemeanor Community Court.

**Exemption and Fees:**

The Council for Court Excellence is a nonprofit, non-partisan civic organization that works to enhance the justice system in the District of Columbia. The Council for Court Excellence conducts research, educates the public, and works to increase civic engagement on our justice system. We are currently working on research and publications designed to educate members of the public on the operations of the District of Columbia justice system. Because the requested information serves the public interest and because CCE has no commercial interest in the information, we request that the Department of Justice waive any fees for search, duplication, review, or otherwise to respond to our request and provide the requested information, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). If our fee waiver request is denied, please inform us first if the total cost will exceed $100.

Please provide native electronic versions of all records produced pursuant to this request. If a native version is not possible, please still provide the records in electronic form. Records should be sent via email to emily.tatro@courtexcellence.org and casey.anderson@courtexcellence.org

Should you have any questions regarding this request, please do not hesitate to us by phone at (202) 785-5917 or by email at emily.tatro@courtexcellence.org and casey.anderson@courtexcellence.org.

Thank you for your time and assistance in this matter.

Sincerely,

Emily Tatro, Esq.
Deputy Director

Casey Anderson
Policy Analyst

Council for Court Excellence
1111 14th St NW, Suite 500
Washington, D.C. 20005
(202) 785-5917
emily.tatro@courtexcellence.org
casey.anderson@courtexcellence.org

**PLAINTIFF'S
EXHIBIT**

NO.  2



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175 N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*
*FAX (202) 252-6048*

June 28, 2021

Emily Tatro
1111 14th Street, NW, Suite 500
Washington, DC 20005
emily.tatro@courtexcellence.org

    Request Number:    EOUSA-2020-004148
    Date of Receipt:    August 17, 2020
    Subject of Request:    DC Superior Court Cases

Dear Emily Tatro:

    In response to your Freedom of Information Act and/or Privacy Act request, the following checked paragraph(s) apply:

1. **X**   A search for records located in EOUSA Data Analysis Staff has revealed no responsive records regarding the above subject.

2. ☐ A search for records located in the United States Attorney's Office(s) for the Choose an item. has revealed no responsive records regarding the above subject.

3. ☐ After an extensive search, the records which you have requested cannot be located.

4. ☐ Records that might have been responsive to your request were destroyed pursuant to the agency's record retention and disposition schedules approved by the National Archives and Records Administration.

5. ☐ Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

This is the final action on this above-numbered request.  If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request.  The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020; or facsimile 202-252-6048.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director